O’Donnell, J.,
dissenting.
{¶ 29} Respectfully, I dissent.
{¶ 30} I would permit each member of a multijudge appellate court to decide whether an intradistrict conflict exists on a decision reached by an appellate court panel. This view, I believe, is embodied in the language of App.R. 26(A)(2)(a), which reads, “Upon a determination that two or more decisions of the court on which they sit are in conflict, a majority of the en banc court may order that an appeal or other proceeding be considered en banc.” (Emphasis added.) The view that the hearing panel of the three appellate court judges who heard the case at issue should make the decision regarding an intradistrict conflict contravenes App.R. 26.
{¶ 31} The rule’s statement that “other procedures” regarding “en banc proceedings may be prescribed by local rule or ordered by the court,” id. at (A)(2)(e), does not permit a court to promulgate a local rule that conflicts with App.R. 26, which, after all, has been promulgated to achieve statewide uniformity and clarity and also to prevent idiosyncratic differences from permeating the appellate process.
{¶ 32} Accordingly, I dissent.
O’Connor, C.J., concurs in the foregoing opinion.
*142 Ron O’Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, for appellant.
Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellee.